UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| RUBY JO ANN GONZALEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. ED CV 08-01616-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.    Whether the Administrative Law Judge ("ALJ") properly

|   |   |   |
|---|---|---|
| | | established that Plaintiff could perform her past relevant work on a full-time basis; |
| | 2. | Whether the ALJ properly considered the treating psychiatrist's opinion; and |
| | 3. | Whether the ALJ posed a complete hypothetical question to the vocational expert. |

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY EVALUATED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY**

Plaintiff asserts that the ALJ did not assess a residual functional capacity ("RFC") which provides for full-time work, defined as eight hours a day for five days a week. (See Social Security Ruling ["SSR"] 96-8p.) In the decision, the ALJ, in part, assessed that Plaintiff can stand and walk for two hours out of a six-hour workday, and she can sit for four hours out of an eight-hour workday. (AR 11.) If, as Plaintiff asserts, this constituted the relevant portion of the ALJ's RFC assessment, it would indeed be error, as it does not provide for standing, walking and sitting during a full workday. The issue, however, is a red herring. The ALJ adopted the functional assessments of Dr. Sean To rendered on November 1, 2007. (AR 12-13, 301-308.) As part of the functional assessment, Dr. To assessed that Plaintiff could sit, stand, and walk <u>at one time</u>, without interruption, as follows: sit for four hours; stand for two hours; walk for one hour. What Plaintiff omits is the next part of Dr. To's functional assessment, which concerns the total amount of time that Plaintiff can

2

do these functions in an eight-hour workday.  Here, Dr. To assessed that in a workday, Plaintiff could sit for a total of eight hours; stand for six hours; and walk for four hours.

Since the ALJ explicitly adopted Dr. To's findings with regard to Plaintiff's functional abilities, the portion of the decision cited by Plaintiff is at most nothing but a typographical error, or an incomplete recitation of the ALJ's actual findings.  Plaintiff's issue thus has no merit.

## II

## **THE ALJ PROPERLY EVALUATED DR. ANDERSON'S OPINION**

In Plaintiff's second issue, she contends that the ALJ failed to accord proper weight to the opinion of her physician, Dr. Anderson.[1]

In the decision, the ALJ found that fibromyalgia is one of Plaintiff's severe impairments (AR 10).  He did not, however, find it to be disabling.

Plaintiff highlights a January 28, 2008 letter from Dr. Anderson addressed "To Whom It May Concern," which indicates that Plaintiff has been seen in the fibromyalgia clinic at Kaiser Permanente in Fontana, California since October 26, 2004.[2]  Dr. Anderson indicated that Plaintiff developed severe migraines following a 1993 auto accident, and that she had 18 tender points for fibromyalgia.  Dr. Anderson

---

[1] Plaintiff references Dr. Anderson as a treating psychiatrist; however, it appears that Dr. Anderson treated Plaintiff in connection with the physical impairments of fibromyalgia and chronic fatigue syndrome.  (See AR at 332.)

[2] At the end of the letter, however, Dr. Anderson indicates that Plaintiff "start[ed]" at the clinic for fibromyalgia and chronic fatigue syndrome in 1992.  (Id.)

indicated that Plaintiff participated in a drug study, but he does not know whether she received an actual drug or a placebo. Dr. Anderson opined that Plaintiff's pain and fatigue have gotten worse, that she is unable to do various household chores, go grocery shopping, or do anything but limited cooking. She has extreme fatigue which affects her ability to perform hygiene functions. (Id.)

The ALJ correctly summarized Dr. Anderson's letter, but determined that Dr. Anderson's opinion would not be given significant weight. As stated in the decision, the ALJ relied upon the following reasons to detract from reliance on Dr. Anderson's opinion: while Dr. Anderson implied that he had frequently treated Plaintiff, the medical records reveal that over three years, he saw her three times, and otherwise only approved medication refills; that Dr. Anderson failed to mention that he prescribed exercise; that while Dr. Anderson indicated that medications give Plaintiff minimal relief, this contradicts Plaintiff's own statement that she received significant relief from medications; that while Dr. Anderson diagnosed Plaintiff as having fibromyalgia, the treatment notes do not make direct reference to 18 trigger points; that Dr. Anderson reported Plaintiff had migraine headaches, but the only reference to migraine headaches was after Plaintiff underwent a lumbar puncture in October 2006, which another physician indicated was consistent with a post-dural headache. (AR 15.)

Plaintiff does not dispute that she only saw Dr. Anderson a very few times in the space of three years. Nevertheless, the Court will accept the proposition that Dr. Anderson is one of Plaintiff's treating physicians. The issue is whether the ALJ erred in not deferring to Dr. Anderson's opinion as a treating physician, instead

4

relying upon the findings of Dr. To. (AR 11-13, 302-308.)  For reasons which will be discussed, the Court concludes that the ALJ was entitled to rely upon Dr. To's opinion in assessing Plaintiff's functional abilities and limitations.

Dr. Anderson's opinion that Plaintiff was "totally disabled" impinges on the Commissioner's responsibility to make that administrative determination.  See 20 C.F.R. §§404.1527(e)(1)-(3), 416.927(e)(1)-(3)(2008).  Thus, while the ALJ may not ignore a treating source's opinion that a claimant is disabled, that ultimate opinion is not entitled to deference.  Here, although the ALJ did find that Plaintiff has fibromyalgia, it is also correct to note that the clinical records do not support such a diagnosis, because of the absence of direct reference to trigger points.  Moreover, while Dr. Anderson referenced Plaintiff's migraine headaches, his treatment notes do not contain any statements about migraine headaches, other than one instance of a headache which is more consistent with a symptom emanating from a prior lumbar puncture.  Further, the contradiction between Dr. Anderson's statement that medications do not assist Plaintiff, and Plaintiff's own self-reporting that she benefitted from medications (see AR 226) is another factor upon which the ALJ justifiably relied in depreciating the credibility of Dr. Anderson's conclusions.

All in all, the Court finds that the reasons cited by the ALJ for not deferring to Dr. Anderson's opinion are specific and legitimate.  Thus, the Court finds no error with regard to the second issue.

//
//
//

# III

# THERE IS NO ERROR WITH REGARD TO THE HYPOTHETICAL

# QUESTION POSED TO THE VOCATIONAL EXPERT

In Plaintiff's third issue, she contends that the ALJ offered an incomplete hypothetical question to the vocational expert ("VE"). Specifically, that the ALJ did not posit in the hypothetical the limitations which are discussed under the first issue. The Court has already determined that the first issue is not meritorious, in that Plaintiff cited only an incomplete portion of Dr. To's conclusions with regard to Plaintiff's functional abilities. Plaintiff has thus failed to show that the ALJ omitted functional limitations which should have been included in the hypothetical questions posed to the VE.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: July 24, 2009                    /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE